# EXHIBIT A

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that issues or concerns may arise regarding my employment or consideration for employment with Acro Service Corp. and its affiliated companies, including Acro Blue and Anchor Staffing, Inc. ("the Company"). I acknowledge that the Company encourages all employees to approach immediate supervisors or managers with regard to any issues or concerns they may have and, if the matter is not resolved in a timely or satisfactory manner by those supervisors or managers, to contact the Company's Human Resources Department at (734) 632-4230.

In the event my issue or concern is not resolved internally, and in consideration of my employment/consideration of employment with the Company and the Company's mutual promise to arbitrate the categories of claims that fall within the scope of this Agreement, I agree as follows:

A.   **Agreement to Arbitrate**

The Company and I mutually consent to use binding arbitration, instead of going to court, for any "Covered Claims" that arise between me and the Company, its related and affiliated companies, and/or any current or former employee, officer or director of the Company or any related or affiliated company.

B.   **Claims Subject to Agreement**

The "Covered Claims" subject to this Agreement shall include all common law and statutory claims relating to my employment or candidacy for employment, including, but not limited to, any claim for breach of contract, unpaid wages, wrongful termination, unfair competition, and for violation of any laws forbidding discrimination, harassment, and retaliation on the basis of race, sex, sexual orientation, religion, national origin, age, marital status, disability, and other protected status. **I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both the Company and I hereby waive the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims.**

C.   **Exclusions from Agreement**

The Covered Claims under this Agreement do not include claims for employee benefits pursuant to the Company's ERISA plans, workers' compensation claims, and unemployment compensation claims.  Any claim that cannot be required to be arbitrated as a matter of law is also not a Covered Claim under this Agreement.  Nothing in this Agreement prohibits me or the Company from seeking emergency or injunctive relief in a court of a law in accordance with applicable law (however, after the court has issued a ruling concerning the emergency or temporary injunctive relief, both the Company and I are required to submit the dispute to arbitration pursuant to this Agreement).  I understand that this Agreement does not bar me from filing an administrative charge with a governmental agency such as the Department of Labor, Equal Opportunity Commission or similar state agency.  However, I also understand that I must pursue a claim for monetary relief through arbitration under this Agreement.

D.   **Arbitration Rules**

Arbitration under this Agreement shall be on an individual basis before a single arbitrator in the county in which the dispute arose (unless the parties mutually agree otherwise).  The employment dispute resolution rules of the American Arbitration Association ("AAA") effective at the time of filing will apply, a copy of which is available upon request from the Company's Human Resources Department.  The Agreement shall be governed by the Federal Arbitration Act (for California employees, both the Federal Arbitration Act and the California Arbitration Act will govern).  The arbitrator shall have the authority to award the same damages and other relief that would have been available in court under applicable law.

E.   **Choice of Law**

Both the Company and I agree that any disputes related to my employment relationship with the Company will be governed by the laws of the State of Michigan (the location of the Company's headquarters), without regard for conflict of laws principles.

F.   **Limitations on Actions**

The Company and I agree to bring any claims that each party may have against the other within 300 days of the day such party knew, or should have known, of the facts giving rise to the cause of action.  The parties mutually waive any longer, but not shorter, statutory or other limitations periods.  This waiver includes, but is not limited to, the initial filing of a claim with the Equal Employment Opportunity Commission and/or state equivalent civil rights agency.  However, I understand that thereafter I will have the right to pursue any federal claim in the manner prescribed in any right to sue letter that is issued by an agency.

G.   **Confidentiality of Proceedings**

All arbitration proceedings are confidential unless applicable law provides otherwise.  The arbitrator shall maintain the confidentiality of the arbitration to the extent law permits, and the arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

H.   **Waiver of Class and Collective Claims**

Both the Company and I agree that all claims subject to this Agreement will be arbitrated only on an individual basis, and that both the Company and I waive the right to participate in or receive money or any other relief from any class, collective or representative proceeding.  No party may bring a claim on behalf of other individuals, and no arbitrator hearing any claim under this Agreement may: (1) combine more than one individual's claim or claims into a single case; (2) order, require, participate in or facilitate production of class-wide contact information or notification of others of potential claims; or (3) arbitrate any form of a class, collective or representative proceeding.

I.   **Arbitration Fees and Costs**

I understand that the Company shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each party shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the arbitrator shall apply the same standards that a court would apply to award such fees and costs.

J.   **Arbitrator**

The arbitrator shall be either a retired judge or attorney who is experienced in employment law and licensed to practice law in the state where the arbitration will be held. The AAA rules will govern selection of the arbitrator.

K.   **Motions and Discovery**

Notwithstanding any AAA rules to the contrary, either party shall have the right to file Motions to Dismiss and Motions for Summary Adjudication/Judgment. The Federal Rules of Evidence shall apply to all arbitration proceedings under this Agreement. The Code of Civil Procedure for my state of residence shall apply to all discovery requests and proceedings under this Agreement.

L.   **Arbitrator's Award**

The arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award. Judgment on the award may be entered in any court having jurisdiction over the matter.

M.   **No Retaliation**

I understand that I may have a statutory right (for example, under the National Labor Relations Act), to act concertedly on behalf of myself and others to challenge this Agreement in any forum. The Company will not retaliate against me for doing so. I also understand that the Company may seek to enforce this Agreement and may assert this Agreement as a defense in any proceeding.

N.   **At Will Employment**

I understand this Agreement is not a contract of continued employment, and that the Company's policy is employment at will, which permits the Company or me to terminate the employment relationship at any time, with or without cause or advance notice.

O.   **Modification and Revocation**

This Agreement may be revoked or modified only by a writing signed by me and an authorized representative of the Company which references this Agreement and states an intent to revoke or modify it. I understand that this Agreement shall survive the termination of my employment and that, should the Company re-hire me at any time subsequent to any termination of my employment, this Agreement shall remain in full effect for subsequent periods of employment.

P.   **Savings Clause and Conformity Clause**

If any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected. Provided, however, if the waiver of class and collective claims is found unenforceable, then any claim brought in a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

Q.   **Headings**

The headings in this Agreement are for convenience only. The headings form no part of the Agreement and shall have no effect on its interpretation.

**I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, AND THAT I HAVE ENTERED INTO IT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR OTHER REPRESENTATIONS BY THE COMPANY.**

| EMPLOYEE | ACRO SERVICE CORPORATION |
|---|---|
| *Pooya Ahadi Oskouie* (DocuSigned, 4151DB1CF196459...) | *Pinkey Kumari* (DocuSigned, F91F5C1C7FF64DA...) |
| Signature | Signature of Authorized Representative |
| Pooya Ahadi Oskouie | Pinkey Kumari |
| Print Name | Print Name/Title |
| 3/19/2020 | 3/19/2020 |
| Date | Date |